UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAITH SZELAGOWSKI,

Petitioner,

v. Case No. 26-cv-1304-bhl

KRISTEN PAWLAK[1],

Respondent.

---

**SCREENING ORDER**

---

On July 27, 2026, Petitioner Faith Szelagowski, a state prisoner currently incarcerated at Robert E. Ellsworth Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (ECF No. 1), and paid the $5.00 filing fee. Szelagowski later filed a motion to proceed without prepayment of the filing fee, (ECF No. 4), which will be denied as moot.

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen Szelagowski's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Federal courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Because Szelagowski's petition appears untimely, and her claims appear to be procedurally defaulted, the

[1]Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the correct respondent is the state officer who holds the petitioner in custody. As Szelagowski is incarcerated at the Robert E. Ellsworth Correctional Center, that is Kristen Pawlak, the Correctional Center's superintendent.

Court will allow her 30 days to show cause why her request is timely and should not be dismissed, and to show cause and prejudice to excuse her failure to present her claims for state court review.

**BACKGROUND**

Szelagowski pleaded no contest to homicide by use of a vehicle with prohibited alcohol concentration on February 23, 2024. *State v. Szelagowski*, Wood Cnty. Case No. 2023CF000363, https://wcca.wicourts.gov (last visited September 1, 2026). On June 5, 2024, she was sentenced to nine years of initial confinement and seven years of extended supervision. *Id.* Her judgment of conviction was entered on June 12, 2024. *Id.* Szelagowski did not file a direct appeal. (ECF No. 1 at 4.) She filed a motion for an extension of time to file her notice of intent to seek postconviction relief on May 30, 2025, *Szelagowski*, 2023CF00363 at docket entry 05-30-2025, but her motion was denied on June 2, 2025, *id*. at docket entry 06-02-2025. She then filed an interim motion for reconsideration of the order denying her extension of time, but that motion was also denied. *Id.* at docket entries 06-12-2025 & 06-17-2025. She has not filed any motion for postconviction relief in state court. (ECF No. 1 at 5.)

Szelagowski's petition asserts three grounds for habeas relief. The first two grounds challenge the weight or sufficiency of the evidence supporting her conviction, (ECF No. 1 at 7–8), and the third asserts her trial counsel was ineffective for not filing either a motion to change the venue of her trial or a habeas petition challenging the length of her pretrial detention, (*id.* at 9).

**ANALYSIS**

As an initial matter, Szelagowski's habeas petition appears to be untimely because it was filed more than one year after her conviction became final. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). This period runs from ""the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* §2244(d)(1)(A). Szelagowski was sentenced on June 5, 2024. *Szelagowski*, Case No. 2023CF000363, docket entry 06-05-2024. She had twenty days to seek post-conviction relief or file a notice of appeal in the Court of Appeals. Wis. Stat. §§808.04(3), 809.30(2)(b). She did not do so, and her conviction became final on June 25, 2024. She did not file her federal habeas petition until July 27, 2026, more than a full year after the statute of limitations expired.

Szelagowski's ability to proceed with her habeas petition faces another barrier because she never presented her claims to the state court. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). "[T]he petitioner must raise the issue [presented in her habeas petition] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Szelagowski did not appeal or seek post-conviction relief raising these claims within her deadline to do so. When a state court remedy for a petitioner's claim is no longer available because of a state procedural rule barring the petitioner from seeking review, the claim is considered procedurally defaulted, and a federal district court cannot consider it. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To avoid this bar, the petitioner must show cause and prejudice for the default, or that a fundamental miscarriage of justice would occur if the district court did not hear the petitioner's claim. *Perruquet*, 390 F.3d at 514. Thus, Szelagowski would have to show both why her claim is not untimely under AEDPA's statute of limitations, and cause and prejudice for her procedural default.

Szelagowski's petition is also subject to a third substantial barrier. Because she pleaded no contest to the state charges against her, her habeas claims are limited to attacks on the state court's jurisdiction and the voluntariness of her plea. *United States v. Broce*, 488 U.S. 563, 574 (1989). The claims alleged in her petition do not appear to fall into either category.

Given these issues, Szelagowski's petition is unlikely to survive screening. Before the Court dismisses it, however, Szelagowski will be allowed the opportunity to respond to this order to explain why her claims are timely, why her failure to exhaust them in state court should be excused, and why her no contest plea does not bar the claims she alleges. These are very high hurdles. Nevertheless, it is possible, albeit unlikely, that the limitation period for her claims began running on a date other than when her criminal judgment became final. *See* 28 U.S.C. §2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Szelagowski could show she is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that a petitioner is entitled to equitable tolling only if she shows that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way to prevent timely filing). Szelagowski must also show cause and prejudice to excuse her procedural default, or that a

fundamental miscarriage of justice would result from the Court's failure to hear her claims. "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting [her] claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis*, 390 F.3d at 1026). Prejudice means that the outcome would have been different absent the violation of the petitioner's federal rights. *U.S. ex. rel. Fleming v. Schomig*, 129 F. Supp. 2d 1160, 1163 (N.D. Ill. 2001) (explaining prejudice in the context of a petitioner who pleaded guilty).

If Szelagowski fails to file a response that complies with this order, her petition will be dismissed for lack of diligence pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c) (E.D. Wis.).

Accordingly,

**IT IS ORDERED** that within **30 days of the date of this order**, Szelagowski shall show cause, if any, why her application for relief under Section 2254 is not time-barred, and demonstrate cause and prejudice for her failure to exhaust her claims in state court, or that a fundamental miscarriage of justice would result from the Court's failure to hear her claims. If Szelagowski fails to respond within 30 days, her petition will be dismissed.

**IT IS FURTHER ORDERED** that Szelagowski's motion to proceed without prepayment of the filing fee, ECF No. 4, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on September 1, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge