UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAITH SZELAGOWSKI,

Petitioner,

v. Case No. 26-cv-1304-bhl

KRISTEN PAWLAK[1],

Respondent.

---

**SCREENING ORDER DISMISSING PETITION**

---

On July 27, 2026, Petitioner Faith Szelagowski, a state prisoner currently incarcerated at Robert E. Ellsworth Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) The Court screened her petition pursuant to Rule 4 of the Rules Governing §2254 Cases. Because Szelagowski's petition appeared untimely, and her claims procedurally defaulted, the Court granted her 30 days to show cause why her request was timely, and to show cause and prejudice to excuse her failure to present her claims for state court review. (ECF No. 5.) Szelagowski responded on October 5, 2026. (ECF No. 6.) Her response confirms that her claims are untimely, and she has not shown cause and prejudice to excuse her failure to exhaust her claims in state court. Because her petition is legally insufficient on its face, the Court will dismiss it.

## BACKGROUND

Szelagowski pleaded no contest to homicide by use of a vehicle with prohibited alcohol concentration on February 23, 2024. *State v. Szelagowski*, Wood Cnty. Case No. 2023CF000363, https://wcca.wicourts.gov (last visited November 3, 2026). On June 5, 2024, she was sentenced to nine years of initial confinement and seven years of extended supervision. *Id.* Her judgment of conviction was entered on June 12, 2024. *Id.* Szelagowski did not file a direct appeal. (ECF No. 1 at 4.) She filed a motion for an extension of time to file her notice of intent to seek postconviction

---

[1]Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the correct respondent is the state officer who holds the petitioner in custody. As Szelagowski is incarcerated at the Robert E. Ellsworth Correctional Center, that is Kristen Pawlak, the Correctional Center's superintendent.

relief on May 30, 2025, *Szelagowski*, 2023CF000363 at docket entry 05-30-2025, but her motion was denied on June 2, 2025, *id*. at docket entry 06-02-2025. She then filed an interim motion for reconsideration of the order denying her extension of time, but that motion was also denied. *Id.* at docket entries 06-12-2025 & 06-17-2025.

Szelagowski's petition asserts three grounds for habeas relief. The first two grounds challenge the weight or sufficiency of the evidence supporting her conviction, (ECF No. 1 at 7–8), and the third asserts her trial counsel was ineffective for not filing either a motion to change the venue of her trial or a habeas petition challenging the length of her pretrial detention, (*id.* at 9).

In her response to the Court's first screening Order, Szelagowski offers a brief explanation for her failure to exhaust but appears to misunderstand what exhaustion means in this context. She admits she "did not know of a timeline to file," and accuses her trial counsel of claiming she did know the timeline. (ECF No. 6 at 3.) Szelagowski also mentions spending "23 months in County jail before" her mental health deteriorated and she was placed on "a mental health hold in County due to the exhausted attempts [she] was attempting to make." (*Id.*)

Szelagowski also attaches several documents, including a report prepared by an expert witness retained by Szelagowski's attorney reviewing video footage from the victim's motorcycle that concludes Szelagowski hit the victim's motorcycle with her car, (ECF No. 6-1 at 6–8), a criminal court record showing that she was granted cash bond, that her bond was later reduced, and changed to allow her to use property to satisfy it, but that she remained in custody, (*id.* at 9–15), and two state court orders denying her attempts to pursue post-conviction relief 11 months past her applicable filing deadline. (*Id.* at 15–18.)

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). This period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* §2244(d)(1)(A). Szelagowski was sentenced on June 5, 2024. *Szelagowski*, Case No. 2023CF000363, docket entry 06-05-2024. She had twenty days to seek post-conviction relief or file a notice of appeal in the Wisconsin Court of Appeals. Wis. Stat. §§808.04(3), 809.30(2)(b). She did not do so, and her conviction became final on June 25, 2024.

She did not file her federal habeas petition until July 27, 2026, more than a full year after the statute of limitations expired.

A district court also may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). "[T]he petitioner must raise the issue [presented in her habeas petition] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Szelagowski did not appeal or seek post-conviction relief raising these claims within her deadline to do so. When a state court remedy for a petitioner's claim is no longer available because of a state procedural rule barring the petitioner from seeking review, the claim is considered procedurally defaulted, and a federal district court cannot consider it. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To avoid this bar, the petitioner must show cause and prejudice for the default, or that a fundamental miscarriage of justice would occur if the district court did not hear the petitioner's claim. *Perruquet*, 390 F.3d at 514. "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting [her] claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis*, 390 F.3d at 1026). Prejudice means that the outcome would have been different absent the violation of the petitioner's federal rights. *U.S. ex. rel. Fleming v. Schomig*, 129 F. Supp. 2d 1160, 1163 (N.D. Ill. 2001) (explaining prejudice in the context of a petitioner who pleaded guilty).

The Court's first Order instructed Szelagowski to respond and attempt to address both of these issues and show either some reason her conviction became final on another date, or some reason why equitable tolling may apply to her claim, along with cause and prejudice for her failure to exhaust her state court remedies. She has not done so. As the Wisconsin Court of Appeals explained, her mistaken belief that she could appeal at any time did not warrant granting an extension of eleven months to allow a late appeal. (ECF No. 6-1 at 20–22.) As that court further noted, her avenue for relief for her putative ineffective assistance of counsel claim was a petition for a writ of habeas corpus filed in *state court.* (*Id.* at 21–22 (citing *State ex rel. Kyles v. Pollard*, 847 N.W.2d 805 (Wis. 2014); Wis. Stat. R. §809.51).)

Szelagowski's petition was filed too late and is barred by AEDPA's statue of limitations. Moreover, her claims have not yet been reviewed by the state court. Therefore, the Court will

dismiss her petition at screening. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Accordingly,

**IT IS ORDERED** that Szelagowski's petition for a writ of habeas corpus under 28 U.S.C. §2254, ECF No. 1, is **DENIED with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the Court does not find that any reasonably jurist could debate whether the petition should have been resolved in a different matter. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on November 3, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge